UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EASTERN TRANS-WASTE OF MARYLAND, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-0032-PLF |
| THE DISTRICT OF COLUMBIA, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION

Plaintiff Eastern Trans-Waste of Maryland, Inc. ("Eastern") operates a solid-waste transfer facility at 1315 First Street, Southeast in the District of Columbia. It sues four defendants: the District of Columbia, the D.C. Department of Consumer and Regulatory Affairs, Andrew Altman (in his individual capacity and in his official capacity as the former Director of the D.C. Office of Planning), and Denzil Noble (in his individual capacity and in his official capacity as the Acting Administrator of the Building and Land Administration of the D.C. Department of Consumer and Regulatory Affairs). Eastern alleges that the defendants delayed the grant of its October 2003 request for a permit to make certain improvements to its property. According to Eastern, the defendants did so for two reasons: (1) to depress the value of Eastern's property (so as to lower the amount the District of Columbia would be required to pay in order to obtain the property through an impending eminent domain proceeding) and (2) to hamper Eastern's efforts to compete with the District of Columbia in the business of transferring solid-waste. Also according to Eastern, the defendants' actions violated Eastern's rights to substantive

due process, procedural due process, and equal protection of the law. (Eastern brings these claims pursuant to 42 U.S.C. § 1983). Eastern's First Amended Complaint seeks, among other things, compensatory and punitive damages.

The defendants have moved to dismiss and/or for summary judgment. That motion was transferred to the undersigned pursuant to Local Civil Rule 40.6(a). *See* Dec. 6, 2005 Order. For the reasons stated, an accompanying Order grants part of the defendants' motion, defers ruling on part of it, and otherwise denies it.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the court "must accept the allegations of the complaint as true, drawing all inferences in the plaintiff's favor." *Croixland Props. Ltd. P'ship v. Corcoran*, 174 F.3d 213, 215 (D.C. Cir. 1999). The court may dismiss "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* (quotation marks omitted). On the other hand, the court "need not accept inferences . . . unsupported by the facts set out in the complaint. Nor must the Court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

(As to the defendants' motion for summary judgment, the court must determine "whether the moving party has shown that there is no genuine dispute of material fact." *Paraskevaides v. Four Seasons Washington*, 292 F.3d 886, 893 (D.C. Cir. 2002). No discovery has yet occurred in this case. As our court of appeals has put it: "[S]ummary judgment ordinarily is proper only after the plaintiff has been given adequate time for discovery." *Americable Int'l, Inc. v. Department of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1998) (quotation

marks omitted). Accordingly, the accompanying Order defers ruling on the defendants' motion insofar as it seeks summary judgment. At the appropriate time, the court will allow the parties to submit renewed briefing on the defendants' motion for summary judgment).

## ANALYSIS

**I.     Abstention.**

The defendants argue that Eastern's claims should not be addressed while the condemnation actions pends. Contrary to the defendants' argument, however, no abstention doctrine applies here. Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Indeed, it is well-established that "federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996). Here, Eastern is neither challenging its zoning designation nor otherwise seeking injunctive relief; instead, Eastern seeks damages for the alleged violation of its rights caused by the defendants' (again, alleged) deliberate and improper delay in the grant of its requested building permit. Further, the only pending local proceeding is the eminent domain action brought by the District of Columbia against Eastern. For the reasons stated below at Section VIII, the accompanying Order dismisses Eastern's compensatory damages claim to the extent that it seeks damages based on the alleged diminution of the value of its property; thus, the eminent domain proceeding will not overlap with this proceeding. Accordingly, abstention is not appropriate.

**II.    Substantive Due Process.**

The defendants argue that Eastern has failed to state a substantive due process

claim.  Contrary to the defendants' contention, Eastern has alleged a property interest for purposes of substantive due process: the grant of a building permit.  A substantive due process property interest exists where a relevant "statute or regulation places substantial limits on the government's exercise of its licensing discretion."  *George Washington Univ. v. District of Columbia*, 318 F.3d 203, 207-08 (D.C. Cir. 2003) (quotation marks omitted).  Here, the relevant District of Columbia regulation directs that the D.C. Department of Consumer and Regulatory Affairs "shall issue" a building permit "as soon as practicable" so long as "the proposed work conforms to the requirements of the Construction Codes and all applicable laws, rules, and regulations."  12A D.C.M.R. § 105.3.1.  This regulatory formulation "substantial[ly] limits" the Department of Consumer and Regulatory Affairs' exercise of its discretion in granting building permits*.  George Washington*, 318 F.3d at 208 (quotation marks omitted).

Also contrary to the defendants' contention, Eastern has alleged "egregious government misconduct."  *Id.* at 209; *see also Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988) (requiring that the government's infringement of the recognized property interest constitute a "grave unfairness").  Here, Eastern has alleged that the denial of its requested building permit reflected "a deliberate effort" by the defendants "to obtain an unfair advantage in connection with the District's attempt to acquire property through eminent domain" and "to hamper or destroy the ability of [Eastern] to compete against [the District of Columbia's] own solid waste transfer facilities."  First Amended Complaint ¶¶ 5, 40-41.  These are allegations of grave and egregious misconduct.  *See also Dominion Cogen, D.C., Inc. v. District of Columbia*, 878 F. Supp 258, 265 (D.D.C. 1995) ("[P]laintiffs allege neither mere sloth nor incompetence, but rather a concerted effort on the part of various D.C. officials to undermine and subvert

plaintiffs' project.").

The foregoing considered, dismissal of Eastern's substantive due process claim is not appropriate.

### III.    Procedural Due Process.

The defendants argue that Eastern has failed to state a procedural due process claim. On the contrary, Eastern has alleged not only a property interest but also denial of an additional process (the provision of an evidentiary hearing before denial of a building permit) that procedural due process may require. Procedural due process "imposes constraints on governmental decisions which deprive individuals of [certain] liberty or property interests." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Determination of the process that the government must provide before depriving a person of such an interest "generally requires consideration of three distinct factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335; *see also Tri County Indus., Inc. v. District of Columbia*, 104 F.3d 455, 460-62 (D.C. Cir. 1997). The complaint here contains no allegations as to the ordinary value of a building permit, the frequency of error under current procedures of the D.C. Department of Consumer and Regulatory Affairs, the likely frequency of error under the additional proposed procedure, and the added fiscal and administrative burden of providing the proposed procedure in all instances of denied building permits. However, Eastern is entitled to an opportunity to develop such facts

at a later stage of these proceedings. Accordingly, at this point dismissal of Eastern's procedural due process claim is not appropriate.[1]

## IV.     Equal Protection.

The defendants correctly argue that Eastern has failed to state an equal protection claim. To plead an equal protection claim successfully, a plaintiff must allege that the government treated similarly situated entities differently. *See City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Eastern alleges that the District of Columbia granted building permits to Eastern's competitors (e.g., the District itself and Waste Management of Maryland, Inc.) while delaying the grant of Eastern's permit for similar work by requiring only Eastern to provide an Environmental Impact Statement. *See* First Amended Complaint at ¶¶ 26-27, 57-60. Eastern insufficiently alleges that it was treated differently than its competitors. In its Opposition, for example, Eastern acknowledges that the Department of Consumer and Regulatory Affairs "never definitively ruled that [Eastern] needed to prepare a full [Environmental Impact Statement] as a condition of receiving the permit." Eastern's Opp. at 27. Accordingly, the accompanying Order dismisses Eastern's equal protection claim.

## V.     Municipal Liability.

The defendants argue that Eastern has failed to allege municipal liability. On the contrary, dismissal of Eastern's municipal liability claim is not appropriate on this record. In *Monell v. Department of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 (1978), the Supreme Court limited municipal liability under 42 U.S.C. § 1983 to cases in which the

---

[1] In their papers, the defendants also argued that Eastern's procedural due process claim should be dismissed for lack of exhaustion. The defendants, however, have withdrawn that argument. *See* Tr. of Dec. 7, 2005 Status Conf.

allegedly unconstitutional action is imposed "pursuant to governmental custom . . . . [or otherwise] implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." The *Monell* Court noted, moreover, that such a policy may be found where a municipal action is performed by an official "whose edicts or acts may fairly be said to represent official policy." *Id.* at 694. Here, Eastern argues that a sufficiently high-level municipal employee is responsible for the alleged misconduct. Unlike in *Samaritan Inns v. District of Columbia*, 1995 WL 405710, at *3 (D.D.C. 1995), *aff'd in part and rev'd in part on other grounds*, 114 F.3d 1227 (D.C. Cir. 1997), however, Eastern has not alleged that either of the individual defendants served as the Director of the D.C. Department of Consumer and Regulatory Affairs. Nevertheless, the current record is insufficient to determine whether the alleged acts were committed pursuant to District of Columbia policy, including whether the alleged acts were committed by officials with final policymaking authority for those actions. Accordingly, on this record dismissal of Eastern's municipal liability claim is not appropriate.

**VI.    Liability of the D.C. Department of Consumer and Regulatory Affairs.**

The defendants correctly argue that the D.C. Department of Consumer and Regulatory Affairs is not subject to suit. "The law is clear that agencies and departments within the District of Columbia government are not suable as separate entities." *Community Hous. Trust v. Department of Consumer & Regulatory Affairs*, 257 F. Supp. 2d 208, 217 (D.D.C. 2003) (quotation marks omitted) (citing myriad cases). Because the Department of Consumer and Regulatory Affairs is a department within the District of Columbia government, it is not amenable to suit. *See id.* Accordingly, the accompanying Order dismisses the D.C. Department

of Consumer and Regulatory Affairs.

**VII.    Qualified Immunity.**

The defendants correctly argue that Altman and Noble are entitled to qualified immunity on Eastern's procedural due process claim; Altman and Noble, however, are not entitled to qualified immunity on Eastern's substantive due process claim.  Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable [public official] would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982).  In evaluating a defense of qualified immunity, a court "'must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of violation.'"  *Stewart v. Evans*, 351 F.3d 1239, 1243 (D.C. Cir. 2003) (quoting *Wilson v. Layne*, 526 U.S. 603, 609 (1999)).  The law is not clearly established that Eastern was entitled to additional process (particularly, an evidentiary hearing) before the denial of its requested building permit.  However, if – as alleged – Altman and Noble intentionally delayed the grant of Eastern's requested permit in order to further improperly the interests of the District of Columbia and harm Eastern, such conduct would violate Eastern's clearly established substantive due process rights – rights of which a reasonable public official would have known.  *Cf. Dominion Cogen*, 878 F. Supp at 265.  Accordingly, Altman's and Noble's defense of qualified immunity protects them from Eastern's procedural due process claim but not from Eastern's substantive due process claim.

**VIII.   Compensatory Damages.**

The defendants correctly argue that Eastern's compensatory damages claim should be dismissed insofar as it seeks recovery for the alleged diminution of the value of Eastern's property. The Fifth Amendment requirement of "just compensation" for the taking of property requires that the government pay "fair market value" for property that it takes. *United States v. Fuller*, 409 U.S. 488, 490 (1973). "Fair market value" requires consideration of "the highest and most profitable use for which the property is adaptable and needed or likely to be needed in the reasonably near future." *Olson v. United States*, 292 U.S. 246, 255-56 (1934). Here, Eastern argues two theories of compensatory damages: lost property value and lost business opportunity. Any decrease in Eastern's property value attributable to the delayed building permit would be recoverable in the eminent domain proceeding. At that proceeding, Eastern's real property should be valued in consideration of its "highest and most profitable use." Accordingly, the accompanying Order dismisses Eastern's compensatory damages claim insofar as it seeks recovery for the alleged diminution of the value of Eastern's property.

**IX.   Punitive Damages.**

The defendants correctly argue that punitive damages are not available against the District of Columbia; punitive damages could be awarded, however, against Altman and/or Noble.

**A.   District of Columbia.**

In *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981), the Supreme Court held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." In a footnote, the Court suggested a limited exception to this holding: "It is perhaps possible to

imagine an extreme situation where the taxpayers are directly responsible for perpetrating an outrageous abuse of constitutional rights. Nothing of that kind is presented by this case. Moreover, such an occurrence is sufficiently unlikely that we need not anticipate it here." *Id.* at 267 n.29. Here, Eastern brought its three claims pursuant to Section 1983 and the District of Columbia is a municipality; thus *Fact Concerts*' presumptive punitive damages bar applies. Nor does Eastern allege that the District's taxpayers are directly responsible for the alleged violations of Eastern's rights. Accordingly, the accompanying Order dismisses Eastern's punitive damages claim against the District of Columbia.

      **B.**    **Altman and Noble.**

Punitive damages could be awarded against either of the individual defendants if his conduct "is shown to [have been] motivated by evil motive or intent, or [to have] involve[d] reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Here, Eastern has alleged that Altman and Noble, in violation of Eastern's federally-protected rights and knowing that their actions would harm Eastern, intentionally and unduly delayed the grant of Eastern's requested building permit in order to further improperly the interests of the District of Columbia. *See, e.g.*, First Amended Complaint at ¶¶ 5, 40-41 (alleging a "deliberate effort by a municipal government to interfere with [Eastern]'s continued operation of the Facility, and to 'un-level the playing field' and obtain an unfair advantage in connection with the District's attempt to acquire the property through eminent domain" and further alleging: "Defendants improperly refused to grant the Application . . . to avoid having to pay more to [Eastern] in the event of an eminent domain proceeding. The District also wanted to hamper or destroy the ability of [Eastern] to compete against its own solid waste transfer

facilities"). These are allegations of "reckless or callous indifference to the federally protected rights of others." *Smith*, 461 U.S. at 56. Accordingly, dismissal of Eastern's punitive damages claim against Altman and Noble is not appropriate.

## CONCLUSION

In sum and for the foregoing reasons, the accompanying Order dismisses Eastern's equal protection claim, dismisses all of Eastern's claims insofar as they are alleged against the D.C. Department of Consumer and Regulatory Affairs, grants Altman and Noble qualified immunity as to Eastern's procedural due process claim, dismisses Eastern's claim for compensatory damages insofar as it seeks damages based on the alleged diminution in value of Eastern's property, dismisses Eastern's claim for punitive damages as against the District of Columbia, otherwise denies the defendants' motion insofar as it constitutes a motion to dismiss, and defers ruling on the motion insofar as it constitutes a motion for summary judgment.

The foregoing leaves Eastern with a claim for violation of its substantive due process rights against the District of Columbia, Altman, and Noble and a claim for violation of its procedural due process rights against the District of Columbia. Eastern's claim for compensatory damages survives only as to damage to its business (e.g., lost profits); its claim for punitive damages survives only against Altman and Noble.

/s/

Louis F. Oberdorfer
UNITED STATES DISTRICT JUDGE

DATED: January 23, 2006